### MOORE v. McGRAWL.

No. 6665.

Circuit Court of Appeals, Fifth Circuit.

Feb. 17, 1933.

594

W. Scott Wilkinson, of Shreveport, La., for appellant.

E. E. Talbot, U. S. Atty., and Jno. W. Harrell, Asst. U. S. Atty., both of New Orleans, La., and Wright Matthews, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This was a suit to recover the amount of additional income tax assessments paid to the collector of internal revenue. A consolidated return was made for the Meriwether Supply Company and its two subsidiary companies, the Meriwether Sand & Gravel Company and the Texarkana Builders' Supply Company, but that return was rejected, and instead the Commissioner of Internal Revenue held that there should be separate tax returns, and upon that ruling he based the additional assessments.

The right existed to make a consolidated return under section 240 (a) and (d) of the Revenue Act of 1926, 44 Stat. 46, 26 USCA § 993 (a, d), because 95 per cent. of the voting stock of the three corporations was owned either by the parent corporation or by the same interests, unless more than 5 per cent. of that stock had been transferred to employees as a result of agreements with them. The agreement with one employee recited the sale of stock at par and the giving of a note therefor payable on demand, but it provided that while the note expressed an unconditional obligation to pay, nevertheless the real agreement was that the note should be paid only out of dividends accruing upon the stock. The contract further provided that it was at the option of the employee whether he would pay for the stock; the option to last so long as he should continue to remain an employee. The certificate of stock was indorsed and redelivered to the company. The contracts with the other employees contained substantially the same terms and provisions.

In a case involving a similar contract, we held that, as there was no obligation on the part of the employee to pay for the stock, the agreement was lacking in mutuality, and consequently that there was no sale or transfer of title to the stock. Alger-Sullivan Lumber Co. v. Commissioner of Internal Revenue. (C. C. A.) 57 F.(2d) 3. There is nothing to differentiate this from that case, and we see no reason to change our opinion. Accordingly, the judgment of the trial court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.